# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

SYLVIA Y. COSME-MONTALVO, et al.,

      Plaintiffs,

            v.                   CIVIL NO.: 11-2197 (MEL)

TRAFON GROUP, INC.,

      Defendant.

## OPINION AND ORDER

Pending before the court is plaintiffs' third motion to strike (D.E. 56) the exhibits attached to defendant's proposed statement of uncontested material facts, defendant's financial statements for 2009 and 2010, and an exhibit listing certain employees terminated by defendant ("termination list") (D.E. 22-9; 50-1; 50-2; 51-1 to -4; certified translation at D.E. 29-6).[1]  For the reasons set forth below, plaintiffs' motion is granted in part and denied in part.

## I.   ANALYSIS

### A.   Compliance with 28 U.S.C. § 1746

Plaintiffs first argue that the unsworn statements under penalty of perjury by Javier Pietrantoni and Leyda Fresse do not conform to the requirements of 28 U.S.C. § 1746.  (See D.E. 39-1; 51-1; 51-3).  Nevertheless, defendant has subsequently submitted unsworn statements under penalty of perjury which comply with statutory requirements.  (See D.E. 60-1; 60-2).  As such, plaintiffs' argument regarding statutory compliance is moot.

---

[1] The prayer for relief in plaintiffs' third motion to strike requests "that both statements and the documents attached to the defendant's new proposed statement uncontested facts and Exhibit 22-9 be stricken from the record."  (D.E. 56, at 10).  By its terms, this appears only to include Docket Nos. 51-1 to -4 and 22-9.  Nevertheless, because plaintiffs also address defendant's financial statements for 2009 and 2010 (D.E. 50-1; 50-2), plaintiffs' motion will be construed as requesting that said financial statements be stricken as well.

### B.      Business-Record Exhibits

On March 14, 2013, in their first motion to strike (D.E. 33), plaintiffs requested that the exhibits attached to defendant's earlier proposed statement of uncontested material facts (D.E. 22; 22-1 to -10; certified translations at D.E. 29-1 to 7) be stricken.   Plaintiffs filed a second motion to strike defendant's exhibits on March 21, 2013.   (D.E. 41).   Because defendant submitted an affidavit (D.E. 39-1) supporting the authenticity of six of its exhibits (D.E. 22-2 to -4; 22-6; 22-9; 22-10; certified translations at D.E. 29-1 to -7), including the termination list, plaintiffs' first motion to strike was denied with respect to those exhibits.  (D.E. 44).   As such, plaintiffs' second motion to strike was found to be moot.  (D.E. 46).   Nevertheless, plaintiffs now request again, in a third motion to strike, that the termination list be stricken under both Rules 803(6) and 1006 of the Federal Rules of Evidence.[2]  (See D.E. 56, ¶¶ 10, 31–34).

Under Rule 1006, plaintiffs argue that "defendant has not made available to them the underlying documents in which the summary is based."  (D.E. 56, ¶ 34).  Rule 1006, however, applies specifically where "a summary" is being used "to prove the content of voluminous writings."  Fed. R. Evid. 1006.  Rather than a summary of other business records, the termination list is itself being submitted as a business record.  The termination list is "the writing[] at issue, not [a] summar[y] of other evidence."  U-Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co., 576 F.3d 1040, 1046 (9th Cir. 2009).   In other words, "Rule 1006 does not apply" where "the summaries *themselves* constitute[] the business records."  Id. (emphasis in original).

Plaintiffs simply assert that "[t]here is no doubt that Exhibit 9 is a summary from the company's records of all the employees that were allegedly laid off."  (D.E. 56, ¶ 33).   Even

---

[2] Effectively, because the court previously denied plaintiffs' request, their renewed request is now considered to be a motion for reconsideration, not a third motion to strike.  "As a general rule, motions for reconsideration should only be exceptionally granted."  Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005), aff'd, 440 F.3d 11 (1st Cir. 2006).

assuming that Trafon Group, Inc., has other records of the employees who have been terminated, this does not imply that the termination list itself is not also a business record.  It is true that a "[b]usiness records prepared solely for purposes of litigation lack trustworthiness."  United States v. Miller, 771 F.2d 1219, 1238 (9th Cir. 1985).  Nevertheless, plaintiffs do not expressly argue, nor do they provide any evidence which would lead the court to believe, that the termination list was prepared solely for purposes of litigation.

In contrast, defendant contends that the termination list is "a record or data compilation … kept in the course of a regularly conducted business activity" and that "it was the regular practice of [Trafon Group, Inc.,] to make the data compilation."  (D.E. 60, ¶ 42).  To authenticate ten exhibits, including the termination list, defendant has submitted a statement under penalty of perjury by Leyda Fresse ("Fresse's statement").  (D.E. 60-2).

Plaintiffs contend, however, that Fresse's statement does not sufficiently authenticate the termination list or the other business-record exhibits at issue here (D.E. 22-9; 50-1; 50-2; 51-2; 51-4; certified translation at 29-6).  In particular, plaintiffs argue that Fresse "does not mention her position in the company nor her duties," "lay the foundation to establish her knowledge," "specifically mention the person or persons that made the records and their positions," or "specifically mention how each record constitutes a regular practice of the activity."  (D.E. 56, ¶¶ 20, 22).

"The business-records exception removes the hearsay bar for records kept in the course of a regularly conducted business activity if making the records is a regular practice of that business activity, so long as 'neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.'"  Jordan v. Binns, No. 11-2134, 2013 WL

1338049, at *10 (7th Cir. Apr. 4, 2013) (quoting Fed. R. Evid. 803(6)).[3]  Here, Fresse has clearly stated under penalty of perjury that she is "an authorized custodian of the records for Trafon Group, Inc." (D.E. 60-2, ¶¶ 3(a), 4(a)).  Fresse also stated that she "ha[s] authority to certify the attached records."  (D.E. 60-2, ¶¶ 3(a), 4(a)).  According to her statement, the ten exhibits, including the termination list, were prepared and preserved "as a regular practice and custom … by the personnel of Trafon Group, Inc. in the ordinary course of business at or near the time of the acts or events reported thereon, and by a person or persons with knowledge of and a business duty to record or transmit those matters."  (D.E. 60-2, ¶¶ 3(b)–(c), (e), 4(b)–(g)).

Plaintiffs have cited no authority to indicate that defendant is required by Rule 803(6) to indicate a custodian's specific position or duties, or list the particular persons who made the records in question.  Nor have plaintiffs asserted any reason to infer that "[]either the source of information []or the method or circumstances of preparation indicate[s] a lack of trustworthiness."  Fed. R. Evid. 803(6)(E).  Thus, the business-record exhibits, including the termination list, have been properly authenticated as a business record under Rule 803(6) by Fresse's unsworn statement under penalty of perjury.  (D.E. 60-2).

### C.     Statement of Javier Pietrantoni

Plaintiffs argue that the unsworn statement under penalty of perjury of Javier Pietrantoni is "a self serving statement" containing "convenient generalizations, conclusory statements, and inadmissible hearsay evidence."  (D.E. 56, ¶ 13).  As plaintiffs concede, characterizing an "affidavit[] as 'self-serving' misses the mark," as "[a] party's own affidavit, containing relevant

---

[3] The business records exception to the rule against hearsay requires that "(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness."  Fed. R. Evid. 803(6).

information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment." <u>Cadle Co. v. Hayes</u>, 116 F.3d 957, 961 n.5 (1st Cir. 1997). Other than simply asserting that Pietrantoni's statement contains generalizations and mere conclusions, plaintiffs do not cite to any particular facts in the statement which should be stricken on those grounds.

With respect to plaintiffs' hearsay argument, Pietrantoni stated under penalty of perjury that he had personal knowledge of each of the assertions he made in his statement. Moreover, Pietrantoni's statement details his duties as Senior Vice President of Marketing, Strategic Planning, and Procurement, which included the personal recruitment of plaintiff, direct supervision of plaintiff at all times during her employment, participation in the committee determining which positions would be redistributed, merged, or eliminated, and the negotiation of purchasing assets from Importers and Distributors, Inc. As such, plaintiffs have not shown that Pietrantoni's statement should be stricken on these grounds.

### D.      Financial Statements

Plaintiffs argue that, because defendant's financial statements from 2009 and 2010 were not produced in discovery, they are barred by Rule 37(c) from citing to said documents. (D.E. 56, ¶¶ 23–30). In its response in opposition, defendant contends that it produced in discovery independent auditor's reports filed with the Puerto Rico Department of State and income tax returns for 2009 and 2010. (D.E. 60, ¶ 10–11; <u>see</u> D.E. 62-1 to -4). According to defendant, the independent auditor's reports "are identical to the financial reports … except that the Reports that were produced during Discovery did not include 3 pages." (D.E. 60, ¶ 10; <u>compare</u> D.E. 50-1; 50-2 <u>with</u> D.E. 62-1; 62-2).

Thus, it is uncontested that pages five to seven of both exhibits containing defendant's financial statements (D.E. 50-1, at 5–7; 50-2, at 5–7) were not produced to plaintiffs in a timely

fashion during discovery, as they were not produced until April 8, 2013 (see D.E. 50)—that is, after the motion for summary judgment was originally filed.  The information cited by defendant in its Proposed Fact No. 11[4]—defendant's alleged losses of $2,817,313 in 2009 and $6,334,719 in 2010—appear only on these six pages.  Thus, defendant will not be permitted to cite to these pages of the financial statements in support of its motion for summary judgment.

Defendant's income tax returns for 2009 and 2010, however, were produced to plaintiffs on February 8, 2013.  (D.E. 78).  Plaintiffs did not take "defendant's deposition" until February 15, 2013.[5]  (D.E. 77, ¶ 8).  Thus, defendant produced its tax returns for 2009 and 2010 before defendant's deposition and the filing of its motion for summary judgment, which occurred on February 22, 2013.  Moreover, the proper time to object to discovery disputes, which plaintiffs were aware of in early February, is not two weeks before the commencement of trial.  As such, defendant will not be precluded from citing to its income tax returns on the grounds of untimeliness.

## II.   CONCLUSION

For the foregoing reasons, plaintiffs' third motion to strike (D.E. 56) is **GRANTED IN PART** and **DENIED IN PART**.  The citations provided for Proposed Fact No. 11 of defendant's proposed statement of uncontested material facts (D.E. 51, ¶ 11) and pages five through seven of defendant's financial statements for 2009 and 2010 (D.E. 50-1, at 5–7; 50-2, at 5–7) are hereby **STRICKEN**.[6]  Defendant is granted until April 23, 2013, at 6:00 p.m. to authenticate its independent auditor's reports and income tax returns for 2009 and 2010 (D.E. 62-1 to -4) and clarify what evidence, if any, it has in support of Proposed Fact No. 11.  Plaintiffs are granted

---

[4] Proposed Fact No. 11 in defendant's statement of uncontested material facts is the only proposed fact which cites to defendant's financial statements.  (D.E. 51, ¶ 11).
[5] Plaintiffs' motion in compliance indicates that the deposition took place on February 15, 2012, but, in context, it appears that the deposition took place on February 15, 2013.  (Compare D.E. 77, ¶ 8, with D.E. 77, ¶¶ 4–7).
[6] The text of Proposed Fact No. 11 itself—excluding the citations in support—is not stricken.

until April 24, 2013, at 6:00 p.m. to respond to defendant's Proposed Fact No. 11, which should be identical to the one presently before the court but for the citations in support of the same.  The other exhibits at issue (D.E. 22-9; 29-6; 51-2; 52-4; 60-1; 60-2) are not stricken.  Plaintiffs shall not file any additional motions to strike defendant's proposed statement of facts in support of the motion for summary judgment, with the sole exception of Proposed Fact No. 11 to the extent that plaintiffs have new arguments that have not been made so far.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of April, 2013.

s/Marcos E. López
U.S. Magistrate Judge
