IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SYLVIA Y. COSME-MONTALVO, et al.,

    Plaintiffs,

        v.                        CIVIL NO.: 11-2197 (MEL)

TRAFON GROUP, INC.,

    Defendant.

**OPINION AND ORDER**

      Pending before the court is plaintiffs' motion to strike (D.E. 85) defendant's income tax returns for 2009 and 2010 (D.E. 62-3; 62-4). Plaintiffs argue that the income tax returns are inadmissible under Rule 1002 of the Federal Rules of Evidence. Under Rule 1002, also known as the "best-evidence rule," see Rodríguez v. Señor Frog's de la Isla, Inc., 642 F.3d 28, 34 (1st Cir. 2011), "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. Plaintiffs contend that because the income tax returns are being submitted to prove the content of defendant's financial statements—the original writings—the financial statements are required.

      As an example of the use of the best-evidence rule, the Rodríguez court points to "a will contest where the will is not in evidence and a witness tries to discuss the document's words from memory." 642 F.3d at 34. In other words, the best-evidence rule is particularly important "in the case of operative or dispositive instruments such as deeds, wills or contracts, where a slight variation of words may mean a great difference in rights." United States v. Díaz-López, 625 F.3d 1198, 1201 (9th Cir. 2010).

In contrast, where a party "seeks to prove the content of [an exhibit], not the content of the documents upon which it was based[,] … Rule 1002 is inapplicable." Tompson v. House, Inc., Civ. No. 09-1942 (BAH), 2011 WL 6794939, at *3 (D.D.C. Dec. 28, 2011); see also Tracinda Corp. v. DaimlerChrysler AG, 362 F. Supp. 2d 487, 496 (D. Del. 2005); United States v. Gonzáles-Benítez, 537 F.2d 1051, 1053 (9th Cir. 1976) ("[I]f the ultimate inquiry had been to discover what sounds were embodied on the tapes in question, the tapes themselves would have been the 'best evidence.'"). If the ultimate inquiry here is to discover what images, words, or numbers are embodied on the financial statements, then the financial statements themselves would be the "best evidence." Defendant seeks to introduce the income tax returns, however, not to prove the particular contents of the financial statements, but to prove the financial condition of Trafon Group, Inc., in 2009 and 2010. (See D.E. 82, ¶¶ 3–5). As such, Rule 1002 does not bar the admission into evidence of defendant's income tax returns. Plaintiffs' motion to strike (D.E. 85) is hereby **DENIED**.[1]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of April, 2013.

s/Marcos E. López
U.S. Magistrate Judge

---

[1] To the extent that plaintiffs contend that the income tax returns should be stricken on the basis that they had not been submitted alongside defendant's motion for summary judgment, (see D.E. 85, ¶ 8), such argument is denied in view that the court in its discretion allowed defendant to submit any citation in support of Proposed Fact No. 11. (See D.E. 79, at 6). Whether the exhibits were previously submitted along with a response to plaintiff's motion to strike or simultaneously submitted with defendant's motion for summary judgment is of no consequence.